UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUANE LEMAIRE (#304814)

VERSUS                                                                          CIVIL ACTION

BURL CAIN, ET AL                                                          NUMBER 10-92-FJP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 9, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUANE LEMAIRE (#304814)

VERSUS                                                          CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 10-92-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed on behalf of Warden Burl Cain and Warden Kenneth Norris. Record document number 11. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Warden Kenneth Norris and two unidentified shakedown officers. Plaintiff alleged that his personal property was confiscated and destroyed in violation of his constitutional rights.

Cain and Norris moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[1] Record document number 13.

> facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations

omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

## Factual Allegations

Plaintiff alleged that on February 11, 2009, John Doe and Jane Doe, two unidentified members of the shakedown team, told him they were going to conduct a routine search of his cell. Plaintiff alleged that he was restrained, removed from his cell and placed in the shower cell while his cell was searched. Plaintiff alleged that after he was returned to his cell he discovered that two copies of an "adult-oriented" manuscript he had written were missing. Plaintiff alleged that John Doe and Jane Doe did not issue him a disciplinary report or a notice of confiscation of the manuscript.

Plaintiff alleged that he filed an administrative grievance regarding the confiscation of his personal property. Plaintiff alleged that Norris responded to his administrative grievance at the First Step of the ARP conceding that the shakedown team had confiscated the manuscript in accordance with Directive 09.003. Plaintiff alleged that he received a response at the Second Step indicating that the manuscript had been confiscated because of its sexual content.

Plaintiff alleged that John Doe and Jane Doe confiscated his property in

violation of his due process rights, Warden Norris failed to adequately supervise the members of the shakedown team, and Warden Cain and Warden Norris implemented a policy prohibiting prisoners from composing sexually explicit writings in violation of his First Amendment rights.

## Official Capacity

Defendants raised the defense of Eleventh Amendment immunity in their Motion to Dismiss arguing that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. In addition, because the plaintiff sought prospective injunctive relief, his claims against the defendants in their official capacities are also actionable under § 1983.

**Free Speech Regulation**

Plaintiff alleged that the defendants implemented a regulation which encroached on his free speech rights under the First Amendment.

While convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison, they do not enjoy all protections either. *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877 (1979). A prisoner retains only those rights that are not inconsistent with his status as a prisoner or with the legitimate penological goals of the corrections system. *Jones v. North Carolina*

*Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 2537-38 (1977). This is true of the right to free speech as it is of any other constitutional right. *Id*.

In determining whether a prison regulation impinges on an inmate's constitutional rights, the court must consider four factors which were set out in *Turner v. Safley*, 482 U.S.78, 107 S.Ct. 2254 (1987). These are: (1) whether the regulation has a logical connection to the legitimate government interests invoked to satisfy it, (2) whether there are alternative means of exercising the rights that remain open to the inmate, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests.

Plaintiff's allegation that the defendants implemented a regulation which encroached on his First Amendment rights to free speech is sufficient to state a claim upon which relief can be granted.

**Failure to Adequately Supervise**

Plaintiff alleged that Warden Norris failed to adequately supervise the actions of John Doe and Jane Doe, the shakedown team, to ensure that cell searches were conducted in accordance with the search policy.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation

sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)).

Plaintiff's allegations that Warden Norris failed to adequately supervise the shakedown team is sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss Pursuant to Rule 12(b) filed on behalf of Warden Burl Cain and Warden Kenneth Norris be denied and this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on September 9, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**